UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERRA SPRING &
MANUFACTURING, LLC,

        Plaintiff,

v.

SARAH RAMNARINE and
KELLIE PERSAUD,

        Defendants.
_____/

Case No. 22-cv-10530

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR EXPEDITIED DISCOVERY IN PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 8) AND GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD (ECF NO. 12)

Plaintiff Serra Spring & Manufacturing, LLC filed its Verified Complaint against Defendants Sarah Ramnarine and Kelly Persaud on March 11, 2022. (ECF No. 1.) Plaintiff states that this action arises out of Defendants' breach of a non-compete agreement, unfair competition, and violation of Federal statutory law following Ramnarine's employment termination from Serra Spring. Plaintiff alleges claims against Defendants for false association/unfair competition and false advertising/unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* (DTSA); violation of the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030 (CFAA); breach of contract; common law unfair competition, and tortious interference with business relations and contract. (*Id.*)

### A.     Plaintiff's Motion for Temporary Restraining Order (ECF No. 8)

On March 23, 2022, Plaintiff filed a Motion for Temporary Restraining Order. (ECF No. 8, Pl.'s Mot. TRO.) Plaintiff seeks an order temporarily restraining Defendants Ramnarine and Persaud from competitive activities and other acts specified in the Complaint. Plaintiff also seeks an order allowing for expedited discovery prior to Plaintiff filing its preliminary injunction motion. (*Id.*) At the time Plaintiff filed its Motion for TRO, neither Defendant had been served with the Complaint or entered an appearance in this case.

On March 29, 2022, counsel entered an appearance for Defendant Ramnarine (ECF No. 10), and the Court entered a Stipulated Order for Temporary Restraining Order against Ramnarine that same day, providing that Ramnarine is bound to the non-compete and other provisions of the Employment Agreement, and enjoining and restraining Ramnarine from making sales or soliciting Serra Springs' customers, employees, and suppliers, operating a competing business, and using Serra Springs' name, trade secrets and proprietary information. (ECF No. 11, Stipulated Order for

TRO as to Defendant Ramnarine.) Defendant Ramnarine filed her Answer to Plaintiff's Complaint on April 26, 2022. (ECF No. 14.)

On May 10, 2022, counsel entered an appearance for Defendant Persaud (ECF No. 17), and the Court entered a Stipulated Order for Temporary Restraining Order against Persaud that same day, providing that Persaud will not assist Defendant Ramnarine in violating, and shall not interfere with, the non-compete and other provisions of the Employment Agreement, and enjoining and restraining Persaud from making sales or soliciting Serra Springs' customers, employees, and suppliers, operating a competing business, and using Serra Springs' name, trade secrets and proprietary information. (ECF No. 18, Stipulated Order for TRO as to Defendant Persaud.)

Following entry of the two Stipulated Orders, the parties agree that Plaintiff's Motion for TRO remains pending only as to Plaintiff's request for expedited discovery against both Defendants. (See ECF No. 18, Stipulated Order, PageID.420.)

Plaintiff requests in its Motion for TRO that the Court allow for expedited discovery prior to Plaintiff filing its preliminary injunction motion. (Pl.'s Mot. TRO PageID.274-75.) Plaintiff states that the document requests will be targeted inquiries

3

related to the use of Plaintiff's trade secrets, communications with customers, and use of the name and marks of Serra Spring, and that the discovery should also include Defendant producing their electronic devices for imaging. Plaintiff also requests the expedited depositions of the Defendants upon receipt of responses to its expedited written discovery requests. (*Id.*)

Federal Rule of Civil Procedure 26(d)(1) governs the timing of discovery and provides that:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The Advisory Committee Notes to Rule 26 indicate that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for preliminary injunction." Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes.

Expedited discovery may be granted upon a showing of good cause. *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017. The party seeking expedited discovery bears the burden of demonstrating good cause. *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-CV-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015). To determine whether good cause exists, a district court may consider the following factors: "(1) whether

4

a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. Civil Rights League*, 2017 WL 5639928 at *2 (quoting *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 456 (D.S.D. 2014)). The moving party must demonstrate that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citing *Fabreeka*, 2015 WL 5139606, at *5). In determining whether good cause exists, the Court may also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08–cv–200, 2009 WL 1687927, at * 2 (S.D. Ohio June 12, 2009). Good cause has been found in narrow circumstances, such as those involving information necessary for a preliminary injunction. *Arab. Am. Civil Rights League*, 2017 WL 5639928,a t *2 (collecting cases); *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255-KKC, 2010 WL 4102907 at *2 (E.D. Ky. Oct. 18, 2010).

    Plaintiff here requests limited, expedited discovery "related to the use of Plaintiff's trade secrets, communications with customers, and use of the name and marks of Serra Spring." (Pl.'s Mot. TRO PageID.274-75.) Defendants have

5

stipulated to entry of a temporary restraining order against them (ECF Nos. 11, 18), and have not otherwise responded to Plaintiff's Motion for TRO, or objected to Plaintiff's request for expedited discovery.

The Court finds that good cause exists in this case for limited expedited discovery because the parties need information to support or defend against a motion for preliminary injunction. Discovery requests must be narrowly tailored to obtain information relevant to the determination of a preliminary injunction. Discovery responses will be due within 30 days after being served, as provided in the Federal Rules of Civil Procedure. Plaintiff may thereafter depose Defendants after receipt of responses to expedited written discovery.

Accordingly, Plaintiff is GRANTED a temporary restraining order as provided in the Stipulated Orders for Temporary Restraining Order (ECF Nos. 11, 18), and Plaintiff's request for expedited discovery (ECF No. 8) is GRANTED.

### B. Plaintiff's Motion to Supplement the Record

On April 5, 2022, Plaintiff filed a motion to supplement the record with additional exhibits showing Defendant Persaud's role in the operation of Serra Spring & Manufacturing Ltd. and her use of Serra Spring's marks. (ECF No. 12.) Plaintiff seeks to add two documents: customer contact list listing Persaud as the

"manager," and a letter from Persaud using Serra Springs marks and advising customers that the company's information has been "revise[d]" and the new name was Serra Spring & Manufacturing Ltd. in Canada. (*Id.* citing ECF Nos. 12-2 and 12-3.) Plaintiff states in the motion that counsel for Defendant Ramnarine "take[s] no position on the Motion," and no response to the motion has been filed.

The Court GRANTS Plaintiff's Motion to Supplement the Record (ECF No. 12).[1]

**IT IS SO ORDERED.**


Dated: May 11, 2022                                s/Paul D. Borman
                                                   Paul D. Borman
                                                   United States District Judge

---

[1] Plaintiff also requests in this motion that the Court enter a TRO against Persaud. (ECF No. 12, PageID.341.) That request is moot in light of the Stipulated Order entered at ECF No. 18.